# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| FREDERICK O. SILVER, § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> MICHAEL R. GARCIA #0120 OR #0920, § <br> SAN ANTONIO POLICE § <br> DEPARTMENT, CITY OF SAN § <br> ANTONIO, JAVIER SALAZAR, BEXAR § <br> COUNTRY SHERIFF'S OFFICE, § <br> NICHOLAS "NICO" LAHOOD, BEXAR § <br> COUNTY CRIMINAL DISTRICT § <br> ATTORNEY'S OFFICE, JOHN DOE 1-5, § <br> § <br> *Defendants*. § | Civil Action No. SA-19-CV-7-XR |

## ORDER ON MOTIONS TO DISMISS

On this date, the Court considered the Defendants' Motions to Dismiss (docket nos. 8, 9, 10) and Plaintiff's responses (docket nos. 11, 12). After careful consideration, the Court GRANTS Defendants' motions.

## BACKGROUND

Plaintiff Frederick Silver, proceeding *pro se*, brought this action on January 4, 2019. Docket no. 1. In his complaint, Plaintiff named as Defendants Sheriff Javier Salazar, Officer Michael R. Garcia, former District Attorney Nicholas "Nico" LaHood, Bexar County Criminal District Attorney's Office, San Antonio Police Department, City of San Antonio, and John Doe 1-5. *Id.* As indicated in the case caption, all individual defendants are named only in their official capacities. Plaintiff brings claims under the Fourth, Eighth, and Fourteenth Amendments pursuant to 42 U.S.C. § 1983.

1

Plaintiff alleges that on December 28, 2017, Officer Garcia of the San Antonio Police Department arrested him. Garcia allegedly said he had a warrant for Plaintiff's arrest but did not have the warrant with him. Plaintiff alleges that, later, the officer who fingerprinted him stated that there was no active warrant for Plaintiff's arrest. Plaintiff alleges the warrant was fictitious and signed by a person not named in this suit who is not a judge. Then, Plaintiff was allegedly informed by "someone acting as a Judge" that he had been arrested for Criminal Trespass Habitation/Shelter. Plaintiff alleges he was told to post a $3,500 bond. Plaintiff states he has "never had contact with Law Enforcement in San Antonio Bexar County Texas, or received an[y] type of warning not to be anywhere" and he "has never been into any person's home or property where [he] has received a warning not to return." In related legal proceedings, Plaintiff alleges Defendants Lahood and the Bexar County District Attorney's Office tried to "intimidate and use scare tactics" against Plaintiff.

Plaintiff brings claims under the Fourth, Eighth, and Fourteenth Amendments, arguing he suffered violations from an unreasonable search, excessive bail, false imprisonment, and lack of due process. Plaintiff seeks his arrest record to be sealed and an award of $5,000,000 in punitive damages.

This case is nearly identical to another case brought by Plaintiff in this Court in 2018. *See Silver v. Salazar et. al*, No. 5:18-CV-1-XR ("*Silver I*"). In that case, Plaintiff named as Defendants Salazar, Garcia, LaHood, Police Chief William McManus, Shawntia Lakia Saunders, and Officer C. Ortiz. *Silver I* named nearly identical defendants and concerned the same allegedly illegal conduct beginning with Plaintiff's arrest on December 28, 2017. The first three claims are identical to those in this case, but this case adds a fourth claim for false imprisonment. *Silver I* also sought additional relief beyond that sought here—namely, that Saunders "never contact [Plaintiff] for any reason for the remainder of Her natural life" and that LaHood dismiss Plaintiff's criminal trespass

charge. Saunders is not named in this case, and according to Plaintiff's complaint the criminal trespass charge was dismissed, so this relief is no longer relevant.

In *Silver I*, all defendants save Saunders moved the Court to dismiss under Rule 12(b)(6). On March 6, 2018, the Court granted these motions to dismiss and notified Plaintiff that it intended to dismiss *sua sponte* any claims against the only remaining defendant, Saunders, unless Plaintiff persuaded the Court that the Saunders claims should remain. Plaintiff did not respond by the indicated deadline and the Court dismissed Saunders and closed *Silver I* on March 21, 2018.

Here, on January 23 and 24, Defendants Salazar, LaHood, Garcia, and SAPD filed motions to dismiss. Docket nos. 8, 9, 10. Plaintiff responded on January 30. Docket no. 11, 12. These responses, however, contain no factual or legal arguments that elaborate on Plaintiff's complaint or counter Defendants' arguments.

## DISCUSSION

### I. Legal Standard

To survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed favorably to the plaintiff. *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). To survive a 12(b)(6) motion, a complaint must contain "more than labels and

3

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## II. Defendant Salazar's Motion to Dismiss

As in *Silver I*, Plaintiff's claims against Sheriff Salazar fail. In his Motion to Dismiss (docket no. 9), Salazar argues that Plaintiff fails to sufficiently allege any action against him in his individual capacity or against the governmental entity he represents. The Complaint caption indicates that all claims against individual defendants are made in their official capacities. Construing Plaintiff's *pro se* claims liberally, however, the Court will consider whether Plaintiff has stated any viable claim against a defendant individually. As to any claim in Salazar's individual capacity, Plaintiff only references Salazar in the style of the case, the identification of the parties, and in regard to his bond, which "was electronically received and approved by Sheriff Javier Salazar." Docket no. 9 at 3 (citing docket no. 1 at 5). Accordingly, the complaint contains no facts that indicate Plaintiff has met his burden to state any claim against Salazar in his individual capacity.

Turning next to any claim in Salazar's official capacity, Plaintiff still fails to state a valid claim. Official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 690 n.55 (1978). For Plaintiff to state a valid claim under § 1983 against Bexar County, he must allege that there was "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell*, 436 U.S. at 694). The unconstitutional conduct must be "directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger

4

liability." *Piotrowski*, 237 F.3d at 578. The municipal's policy or custom must cause the employee to violate a person's constitutional rights. *Fraire v. City of Arlington*, 957 F.2d 1268, 1277 (5th Cir. 1992).

As in *Silver I*, Plaintiff fails to sufficiently allege any official policy, practice, or custom of Bexar County related to his arrest that could be the moving force behind the alleged violations of his constitutional rights. Plaintiff only alleges he was arrested in an isolated incident. Accordingly, Plaintiff fails to state a valid claim against Salazar or the Bexar County Sheriff's Office. The Bexar County Sheriff's Office and the Bexar County District Attorney's Office are not proper jural entities that can be sued. *See Taylor v. Bexar County*, 2010 WL 3703213, at *1 (W.D. Tex. 2010). These defendants are accordingly dismissed. Even construed as claims against Bexar County, however, Plaintiff still fails to state a claim.

**III.    Defendant LaHood's Motion to Dismiss**

Plaintiff's claims against former District Attorney LaHood also fail. In his Motion to Dismiss (docket no. 8), LaHood argues that Plaintiff fails to sufficiently state any claim against him in his individual capacity or against the governmental entity he represents. It appears Plaintiff only names LaHood in his official capacity, as Plaintiff refers to "Defendant 'Nico' LaHood and the Bexar County District Attorney's Office" collectively in the complaint. But to the extent Plaintiff raises an individual claim, it does not survive LaHood's motion. Plaintiff only references LaHood in the style of the case, the identification of the parties, and in reference to his criminal prosecution. Plaintiff states that LaHood and the Bexar County District Attorney's Office tried to "intimidate and use scare tactics" against Plaintiff, but the complaint is devoid of any facts that indicate Plaintiff has met his burden to state a due-process claim or other constitutional claim against LaHood in his individual capacity.

As with Sheriff Salazar, Plaintiff fails to state a valid official-capacity claim against LaHood as District Attorney. Plaintiff fails to sufficiently allege any official policy, practice, or custom of Bexar County related to his arrest that could be the moving force behind the alleged violations of his constitutional rights. Plaintiff only alleges he was arrested in an isolated incident and subsequently prosecuted. Thus, as in *Silver I*, Plaintiff fails to state any valid claim against LaHood. Further, as stated above, the Bexar County District Attorney's Office is not a proper jural entity.

### IV. Defendants Garcia and San Antonio Police Department's Motion to Dismiss

First, the SAPD is not an independent legal entity and thus cannot be sued. *See Martin v. City of San Antonio*, 2006 WL 2062283, *2 n. 1 (W.D. Tex. 2006 July 25, 2006) (citing *Darby v. Pasadena Police Dept.*, 939 F.2d 311, 313 (5th Cir. 1991)). All claims against the SAPD are dismissed.

As to Garcia, Plaintiff alleges that Garcia arrested him "in front of the San Antonio Police West Police Substation" and did so "under a warrant for the arrest of [Plaintiff]," but that Garcia "did not have a copy of the warrant in his possession." Docket no. 1 at 3. Plaintiff alleges Garcia entered the substation to verify the warrant, and when he returned told Plaintiff that he was taking Plaintiff to the "Bexar County Central Magistrate Jail." *Id.* Once there, Plaintiff alleges Garcia took him inside, where an officer confirmed the warrant. *Id.* at 4.

Plaintiff first alleges a civil rights violation of due process under the Fourteenth Amendment. However, if a constitutional claim is covered by a specific constitutional provision, the claim should be analyzed under the standard appropriate to that specific provision, not under substantive due process. *Petta v. Rivera*, 143 F.3d 895, 900–01 (5th Cir. 1998) (citing *United States*

*v. Lanier*, 520 U.S. 259, 272 n.7 (1997)). Because Plaintiff alleges he was subject to an unreasonable seizure, Plaintiff's claim is properly analyzed under the Fourth Amendment.

For the "constitutional torts" of false arrest, unreasonable seizure, and false imprisonment, a plaintiff must show that an officer lacked probable cause. *Brown v. Lyford*, 243 F.3d 185, 189 (5th Cir. 2001). Probable cause exists "when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *Haggerty v. Texas S. Univ.*, 391 F.3d 653, 655 (5th Cir. 2004) (quoting *Glenn v. City of Tyler*, 242 F.3d 307, 313 (5th Cir. 2001)). Plaintiff only alleges that Garcia arrested him and that Plaintiff "had never had contact with Law Enforcement . . . or received an[y] type of warning not to be anywhere[.]" Docket no. 1 at 6. This is at best a conclusory allegation of unreasonable seizure or false arrest. Plaintiff thus fails to sufficiently allege any facts such that a claim for unreasonable seizure or false imprisonment is plausible on its face.

Plaintiff also alleges a violation of his Eighth Amendment rights because he was allegedly subjected to excessive bail, but he states no facts with respect to Garcia related to any alleged excessive bail. Plaintiff only alleges that Garcia arrested him before he was put in jail. Thus, all claims against Garcia individually fail.

To the extent Plaintiff attempts to allege any official-capacity claims against Garcia, Plaintiff fails to sufficiently allege any official policy, practice, or custom related to his arrest that could be the moving force behind the alleged violations of his constitutional rights. Accordingly, Plaintiff fails to state a valid claim against Officer Garcia or the City of San Antonio.

## CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss (docket nos. 8, 9, 10) are GRANTED, and all claims against Defendants Salazar, LaHood, Garcia, SAPD, City of San Antonio, Bexar County, Bexar County Sheriff's Office, and Bexar County District Attorney's Office are DISMISSED WITH PREJUDICE. Only Defendants John Doe 1-5 remain. It appears Plaintiff has not yet served any John Doe defendant, but Plaintiff's deadline for service has not yet passed.

It is so ORDERED.

SIGNED this 25th day of February, 2019.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE